IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIRECTV, Inc., | )<br>) |
| Petitioner, | ) 07 C 3166<br>) |
| v. | )<br>) Judge Ronald A. Guzmán |
| MARLENE MURPHY d/b/a HOME<br>PHONE AND SATELLITE CENTER, | )<br>)<br>) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

DIRECTV has filed a petition pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9, to confirm a final arbitration award. The case is before the Court on DIRECTV's Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings. For the reasons set forth below, the motion is granted.

## Facts

Marlene Murphy was the sole proprietor of Home Phone and Satellite Center Company ("Home Phone"). (Mem. Law Supp. Mot. J. Pleadings, Ex. A, Arbitration Award ¶¶ 4, 12.) On July 11, 2003, Home Phone entered into a contract with DIRECTV to become one of its sales agents. (*Id.* ¶ 1.) According to the contract, only Home Phone employees were allowed to take or deliver orders for DIRECTV programming. (*Id.* ¶ 16.) The contract also required the parties to arbitrate "[a]ny dispute or claim arising out of the interpretation, performance, or breach" of the contract. (Pet. ¶ 7.)

On April 1, 2004, Ms. Murphy created an Illinois corporation called Home Phone and Satellite Center Company ("HPSCC"). (Mem. Law Supp. Mot. J. Pleadings, Ex. A, Arbitration Award ¶ 14.) DIRECTV says it never received notice of the corporate entity's creation. (*Id.*)

On June 8, 2005, DIRECTV cancelled its contract with Home Phone because it discovered that Home Phone was using non-employees to take and deliver orders for DIRECTV. (*Id.* ¶¶ 17-22, 28.)

On August 22, 2005, Home Phone filed a claim with the American Arbitration Association seeking damages as a result of DIRECTV's alleged breach of the contract. (*Id.* ¶ 1.) The arbitration hearing was held in March and April 2007. (*Id.* ¶ 3.) During the hearing, Ms. Murphy's counsel conceded that the contested contract was between DIRECTV and Home Phone, the sole proprietorship, not HPSCC, the corporate entity. (*Id.* ¶ 4.)

Ultimately, the arbitrator determined that DIRECTV had justifiably terminated the contract and, thus, denied Home Phone's claim for breach of contract. (*Id.* ¶¶ 37, 29.) The arbitrator granted DIRECTV's counterclaim for breach and ordered Ms. Murphy, as the sole proprietor of Home Phone, to pay DIRECTV $1.00 in nominal damages, $135,000.00 in attorneys' fees, and $7,955.00 in arbitration costs. (*Id.* ¶¶ 55-57.)

## Discussion

"The party moving for judgment under Rule 12(c) must demonstrate that there are no material issues of fact to be resolved and that it is entitled to judgment as a matter of law." *Metro Tech Serv. Corp. v. Payless Shoe Source, Inc.*, No. 07 C 0101, 2007 WL 2003039, at *2 (N.D. Ill. July 6, 2007). The FAA allows a court to vacate an arbitration

award only if: (1) it was procured by fraud; (2) the arbitrators were corrupt or plainly partial to one party; (3) the arbitrators unreasonably refused to postpone the hearing, refused to hear relevant evidence or engaged in any other misconduct that prejudiced a party's rights; or (4) the arbitrators "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10. An objection to the merits of the arbitrator's decision, however, is not grounds for vacating the award. *Lefkovitz v. Wagner*, 395 F.3d 773, 782 (7th Cir. 2005); *see Wise v. Wachovia Secs., LLC*, 450 F.3d 265, 269 (7th Cir. 2006) ("When parties agree to arbitrate their disputes they opt out of the court system, and when one of them challenges the resulting arbitration award he perforce does so not on the ground that the arbitrators made a mistake but that they violated the agreement to arbitrate, as by corruption, evident partiality, etc. – conduct to which parties did not consent when they included an arbitration clause in their contract." ), *cert. denied*, 127 S. Ct. 582 (2006).

Ms. Murphy contends that the award in DIRECTV's favor should be vacated because the arbitrator: (1) improperly weighed the evidence presented; (2) incorrectly characterized her testimony about whether she discussed the formation of HPSCC with anyone at DIRECTV; and (3) refused to postpone the proceeding, though key witnesses were unavailable.

None of these arguments is a basis for vacating the award. The first two attack the merits of the arbitrator's decision, which the Court has no power to review. *See Wise*, 450 F.3d at 269. Moreover, the last argument was waived by Ms. Murphy when she agreed to close the hearing before the absent witnesses could testify. (*See* Mem. Law Supp. Mot. J. Pleadings, Ex. A, Arbitration Award ¶ 5 ("By agreement of counsel, the hearing was closed

April 16, 2007."); *Ganton Techs., Inc. v. Int'l Union, United Auto., Aerospace & Agricultural Implement Workers of Am., Local 627*, 358 F.3d 459, 462 (7th Cir. 2004) ("The failure to pose an available argument to the arbitrator waives that argument in collateral proceedings to enforce or vacate the arbitration award."). In short, Ms. Murphy has not presented any basis for vacating the arbitration award. Thus, DIRECTV's motion for judgment on its petition to confirm the arbitration award is granted.

### Conclusion

For the reasons set forth above, DIRECTV's motion for judgment on the pleadings [doc. no. 15] is granted, the Court confirms the arbitration award, and terminates this case.

**SO ORDERED.**          **ENTERED:** 11/30/07

HON. RONALD A. GUZMAN
**United States District Judge**